IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANTHONY G. HEREFORD, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-130-H-BV |
| | § | |
| COLAND CONWRIGHT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Anthony G. Hereford Jr. filed a complaint and application to proceed *in forma pauperis* (IFP), as well as a motion for temporary restraining order (TRO). Dkt. Nos. 1, 5, 7. The case was automatically referred for pretrial management under Special Order 3-251.[1] Dkt. No. 2. Hereford has not established the Court has subject-matter jurisdiction in this case. He has also failed to comply with Court orders. The undersigned therefore recommends that the United States District Judge deny Hereford's motions to proceed IFP and for TRO and dismiss this action without prejudice. Alternatively, the undersigned recommends the district judge dismiss this case without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

**1.    Background**

On June 20, 2025, Hereford filed a complaint in this Court, naming Coland Conwright as Defendant. Dkt. No. 1. Hereford alleges he entered into a verbal

---

[1] Not all parties have consented to the magistrate judge, so the undersigned enters these findings, conclusions, and recommendation.

agreement with Conwright whereby Hereford would perform property improvements "in lieu of rent." *Id.* Conwright "now demands [Hereford] vacate" the property, but Hereford contends he is "entitled to stay until final resolution under Texas law." *Id.* (cleaned up).

Finding that Hereford's complaint did not comply with Rule 8 and establish the Court's subject-matter jurisdiction, the Court directed him to file an amended complaint. Dkt. No. 13 at 1–3. The Court also ordered that he become registered as a CM/ECF user, as required by the local rules. *Id.* at 3–4. The Court cautioned Hereford that his failure to comply could result in dismissal of this action under Rule 41(b). *Id.* at 4.

Hereford did not file an amended complaint or register as an electronic filer. So on September 3, 2025, the Court *sua sponte* extended his deadline. Dkt. No. 14. That order also warned Hereford that his case was subject to dismissal if he did not comply. *Id.* at 2. The extended deadline for compliance has expired, and Hereford has not filed an amended complaint, registered as a CM/ECF user, or otherwise responded to the Court's orders.

**2.    Hereford has not established the Court has subject-matter jurisdiction over his claims.**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). They have a duty to examine their own subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of

establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *Stockman v. Fed. Elec. Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In general, federal courts may only consider a case if it involves a question of federal law—federal question jurisdiction—or when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted).

Hereford has not met his burden of establishing the Court's jurisdiction. Hereford makes no reference to a federal law in his complaint; he only mentions Texas state law. Dkt. No. 1; *see also* Dkt. No. 7 (asserting that he is entitled to a TRO based on Texas Property Code § 92.056). Hereford selected the "Basis of Jurisdiction" on the civil cover sheet as "U.S. Government Plaintiff." Dkt. No. 1-2. But even if this were accurate (which it is not), a civil cover sheet is not a pleading. *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 872 (N.D. Tex. 2017). Hereford has not shown the Court possesses federal question jurisdiction. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) ("Federal question jurisdiction exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" (citation

omitted)); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("[P]arties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (citation omitted)).

Hereford also fails to plead any facts supporting diversity jurisdiction. He does not allege the citizenship of the parties, nor does he state the relief he seeks. Dkt. No. 1. His failure to "distinctly and affirmatively allege" the grounds for diversity jurisdiction leaves the Court without jurisdiction under § 1332. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citation omitted).

In sum, even affording Hereford's complaint a liberal construction, he has not demonstrated that the Court has subject-matter jurisdiction. The undersigned therefore recommends the district judge deny Hereford's TRO and dismiss the complaint without prejudice for lack of subject-matter jurisdiction. *See Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743, 746 (N.D. Tex. 2020) (explaining that before considering TRO, a court must determine whether it has subject-matter jurisdiction, and denying plaintiff's TRO after concluding jurisdiction was lacking).

**3.    Hereford's non-compliance with Court orders also necessitates dismissal.**

Alternatively, Hereford's complaint is subject to dismissal without prejudice because he has not complied with Court orders. A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of

pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Hereford did not file an amended complaint in compliance with the Court's orders. Moreover, the Court directed Hereford to register as an electronic filer as required by Local Civil Rule 5.1(f), but he has not done so. Hereford's failure to comply with this Court's orders necessitates dismissal under Rule 41(b). *See, e.g., Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (treating failure to comply with local rule as a failure to prosecute under Rule 41(b)); *Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at \*1–2 (W.D. Tex. Aug. 27, 2010) (recommending dismissal of pro se complaint under Rule 41 where plaintiff "ignored a court order requiring him to file an [a]mended [c]omplaint remedying the deficiencies of his [o]riginal [c]omplaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010).

**4.    Recommendation**

Because the Court lacks subject-matter jurisdiction, the undersigned **RECOMMENDS** that the United States District Judge: (1) deny Hereford's IFP application, Dkt. No. 5; (2) deny his motion for TRO, Dkt. No. 7; and (3) dismiss his complaint without prejudice. The undersigned further recommends that the United States District Court Judge deny Hereford's motion for "Writ of Quo Warranto." Dkt. No. 6. Alternatively, the undersigned recommends that the district judge dismiss the case for failure to prosecute under Rule 41(b).

5.     **Right To Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October _3_, 2025.

AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE